IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-CR-30170-MJR |
| ) | |
| JOHN M. HARDIMON, doing business ) | |
| as Hardimon Chiropractic Center, and ) | |
| also doing business as Hardimon ) | |
| Chiropractic and Physical Therapy, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Two months ago, John Hardimon appeared before the undersigned District Judge, ably represented by retained counsel from St. Louis, Missouri, waived indictment and pled guilty to a 15-count information. The written plea agreement and factual stipulations signed by Hardimon and his counsel, as well as counsel for the Government, outlined in detail acts constituting 14 counts of health care fraud and 1 count of money laundering. Hardimon agreed that certain property seized for forfeiture would go toward (but not satisfy in total) the restitution obligation imposed herein. That property included, inter alia, real estate in Shiloh, Illinois, three vehicles, and over $614,000 in U.S. currency.

Following a thorough colloquy in which the undersigned Judge directly conversed with Hardimon, the Court accepted Hardimon's plea, adjudged Hardimon guilty, scheduled sentencing for January 28, 2011, and released Hardimon on bond ($2,000,000, unsecured) pending sentencing.

On November 30, 2010, Defendant Hardimon moved to withdraw his guilty plea, asserting that his plea "was neither knowing nor voluntary" (Doc. 16, p. 2), due to the fact that he was then taking two prescription medications – Prozac and Adderall. Mr. Hardimon explains that he suffers from Adult Attention Deficit Hyperactivity Disorder (ADHD), sleep apnea, anxiety and depression. For these reasons, he had been taking Prozac and Adderall on a daily basis since 2008 and was still taking them as of mid-October 2010 when he pled guilty before the undersigned Judge.

Apparently, several days *after* his guilty plea, Hardimon changed his medications and experienced "increased alertness, awareness and attentiveness" plus diminished depression, and "now believes that he should not have pled guilty to the ... Information and desires to withdraw his plea" (Doc. 16, p. 2). Specifically, Hardimon claims that his old medications "prevented him from fully understanding the charges against him and the Government's" burden of proof as to those charges (*id.*, p. 3).

On December 1st, the Court entered a briefing schedule on Hardimon's motion to withdraw guilty plea (with memoranda being filed through January 19, 2011) and set a hearing on the motion January 28, 2011 in the time slot which had previously been set aside for Hardimon's sentencing. A follow-up Order (Doc. 19) clarified the sequence of events for the January 28th hearing: if the undersigned Judge *denied* the motion to withdraw, sentencing would proceed as scheduled – unless objections to the PSR required testimony. If objections to the PSR required testimony, counsel were directed to notify the undersigned Judge's law clerk, and the Court would set a new sentencing date.

On December 16, 2010, defense counsel moved to continue the sentencing and all related deadlines (Doc. 21).  Hardimon's attorney asks to postpone sentencing until "after April 15, 2011" and continue deadlines for filing and objecting to the PSR, because the Court's schedule forces Hardimon to "prepare for sentencing without knowing whether he will ever be sentenced" (i.e., "the Government may not be able to obtain an indictment" or Hardimon could be acquitted at trial; Doc. 21, p.2).  Defense counsel expresses concern that Hardimon may exhaust his financial resources preparing for sentencing, leaving him with a "severely limited" ability to defend himself at a subsequent trial (assuming he succeeds on his motion to withdraw guilty plea).

The Government vociferously objects to Hardimon's motion to continue sentencing to a date after April 15, 2011.  Although cognizant that a short extension of the sentencing date might be justified (if the plea withdrawal is denied and Defendant needs time to present evidence supporting his objections to the PSR), the Government maintains that a 3-month delay is unreasonable for dual reasons.

First, the Defendant received significant consideration from the Government in exchange for his plea, and lengthy delay undermines that benefit.  Second, the Government emphasizes that the delayed transfer of possession of the "valuable property purchased with stolen funds,"  is unfair to Hardimon's victims.

The Court finds merit in the Government's arguments.  For over eight weeks, defense counsel has known about (and had well over 3 months to prepare for) the sentencing hearing, *including* any challenge to the Government's restitution figures and any

arguments for departure under the Sentencing Guidelines, like departures based on Defendant's medical conditions which might warrant retaining an expert witness. The Court is not persuaded that a 3-month extension of the sentencing is required to safeguard Mr. Hardimon's financial resources and ability to defend himself at any subsequent trial.

However, the Court will adjust the briefing schedule on the motion and *advance* the motion hearing to a date 10 days prior to the potential sentencing date. This will ensure that – in the event the Court *denies* the motion to withdraw the plea – sufficient time is allotted for preparation for (and presentation at) the sentencing hearing, as it appears testimony likely will be presented in support of PSR objections.

Pursuant to the December 1st Order (Doc. 17), the Government's response remains due January 12, 2011, and Defendant may file a short reply brief (no longer than three pages). But that **reply brief must be filed by January 17, 2011** (rather than January 19, 2011). The Court **RE-SETS the hearing on the motion to withdraw (Doc. 16) for Tuesday, January 18, 2011 at 1:30 p.m.** (Although the Court does not anticipate a lengthy hearing on the motion, counsel are advised that the hearing must conclude no later than 3:30 p.m. January 18th, due to another Court setting.) If the motion is denied, **sentencing will proceed as originally scheduled at 11:00 am on January 28, 2011.**

IT IS SO ORDERED.

DATED December 21, 2010.

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge